[Civil No. 158.  Filed June 1, 1886.]

[S. C. 11 Pac. 114.]

## M. MOONEY, Plaintiff and Respondent, v. N. M. BROAD-WAY, Defendant and Appellant.

1. SHERIFFS—ACTION AGAINST—FOR ABANDONMENT OF LEVY—PLEADING—EVIDENCE.—Pleadings and evidence in action against sheriff for abandonment of levy of attachment whereby plaintiff lost collection of judgment reviewed.

2. SAME—ATTACHMENT—RIGHTS OF ATTACHING CREDITORS IN MORTGAGED CHATTELS—STATUTES CITED—COMP. LAWS 1877, c. 82, § 4, p. 615—SAME c. 82, par. 3648, § 5, p. 615—RIGHT OF CREDITOR TO EXERCISE OPTION AS TO PAYING MORTGAGEE OR LEVYING ON EQUITY OF REDEMPTION—OFFICER CANNOT COMPEL HIM TO TAKE ONE COURSE TO EXCLUSION OF OTHER—DUTY OF SHERIFF TO MAKE WRIT EFFECTIVE WITHOUT SPECIAL INSTRUCTIONS.—Where there has been no foreclosure, the creditor has under statutes, *supra,* the option either to seize the entire property covered by the mortgage, paying the amount due thereon, or to levy simply on the right or equity of redemption. This option is for the benefit of the creditor, and to be exercised as he may deem to his interest. The officer should not be permitted to compel him to take one course to the exclusion of the other, and so destroy the option the statute allows him.

It is the sheriff's duty, aside from any special instructions, to make effective the writ placed in his hands, and which he undertakes to execute.

3. Chattel Mortgage—Title Remains in Mortgagor Until Foreclosure.—A chattel mortgage in this territory is a security merely, and until foreclosure, or some act tantamount thereto, the title to the property mortgaged remains in the mortgagor.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Affirmed.

The facts are stated in the opinion.

H. N. Alexander, for Appellant.

Zent, the mortgagor, had no such interest in the property as might be seized under a writ of attachment. "By a mortgage of chattels the whole legal title of the property passes to the mortgagee conditionally, and to defeat such title the mortgagor, or those claiming under him, must show a performance of the condition. Upon its breach, the title is absolute in the mortgagee, as the general owner, and cannot be questioned in a court of law." *Tannahill* v. *Tuttle*, 3 Mich. 104, 59 Am. Dec. 480, notes; *Heyland* v. *Badger*, 35 Cal. 410-411; *Galen* v. *Brown*, 22 N. Y. 39; *Frankhouser* v. *Elliott*, 22 Kan. 127, 31 Am. Rep. 177; Wait's Actions and Defenses, Vol. 2, pp. 184, 185, 188, 189, 190, 195; Boone on Mortgages, pp. 363, 364, 365; Jones on Chattel Mortgages, Secs. 426, 430, 432, 433, 446; *Burdick* v. *McVanner*, 2 Denio, 170; *Wilson* v. *Brannan*, 27 Cal. 269; *Hulsen* v. *Walter*, 34 How. Pr. 485; *Smith* v. *Acker*, 23 Wend. 655; *Fuller* v. *Acker*, 1 Hill, 473.

A. C. Baker, for Respondent.

The officer failed to summon a jury to try the rights of property and no waiver having been made, he released the property at his peril. He could not call on the respondent for indemnity. C. L. Chap. 48, p. 428; C. L. Chap. 48, p. 442,

Sec. 220; *Curtis* v. *Patterson,* 8 Cow. 67; *Magne* v. *Seymour,* 5 Wend. 307; *Platt* v. *Sherry,* 7 Wend. 239; *Long* v. *Neville,* 36 Cal. 459, 95 Am. Dec. 199; Freeman on Executions, p. 277; Harlow on Sheriffs, p. 132.

SHIELDS, C. J.—This is an action against defendant, who is sheriff of Maricopa county, for alleged negligent acts and omissions, by which the plaintiff lost the collection of a certain debt due him from one Zent, and for a false return. The facts, so far as necessary to look at them, are these: On the fifth day of January, A. D., 1885, the plaintiff commenced an action in justice's court against one William Zent, and on that day an attachment regularly issued in favor of the plaintiff against the goods and chattels of Zent, which was duly delivered to the defendant as sheriff, who on that day levied the same on a number of horses, harness, buggies and other property owned by Zent, and being his stock and outfit in a livery business in which he was then engaged. On the thirteenth of January the plaintiff obtained judgment against Zent for $215 and costs of suit, and on the succeeding day a writ of execution issued, directed to the defendant, as sheriff, and was duly delivered to him, with the usual command to make the money to satisfy the same out of the goods, chattels and property of Zent, and return the same in 15 days therefrom. The writ was returned by the sheriff February 13th thereafter, unsatisfied, and with the statement and return that he could find no property in Maricopa county out of which to satisfy the said execution.

The complaint in this case, in addition to the foregoing and other facts, states that "the defendant herein, N. M. Broadway, sheriff, as aforesaid, before the entry of judgment in said action as aforesaid, of *M. Mooney* against *William Zent,* in said justice court, without process or form of law, and without the consent of plaintiff in said action and plaintiff herein, and without receiving the undertaking required by law and by said writ of attachment, released the whole of said property so levied upon, as aforesaid, under and by virtue of said atachment, from the levy and seizure made by him under and by virtue of said attachment, and made return of said writ of attachment to said justice's court

on the sixth day of January, 1885, to the effect that he had levied upon said property and had released the same and thereafter, and before the entry of the judgment in said justice's court in the action of *M. Mooney* against *William Zent,* as aforesaid, he, the said N. M. Broadway, sheriff as aforesaid, made a levy upon the same property under and by virtue of another writ of attachment placed in his hands for service. That by means of the premises, and by the unlawful action of said N. M. Broadway, sheriff as aforesaid, and defendant herein, in releasing the said property from the writ of attachment, as aforesaid, the plaintiff has been deprived of the means of obtaining satisfaction of said judgment in said justice's court, as aforesaid, and has lost the same, to the damage of the plaintiff in the sum of two hundred and thirty-three 95-100 dollars, besides interest on said sum from the thirtieth day of January, 1885, at the rate of ten per cent. per annum.''

These facts were all admitted by the defendant on the trial, who defended on the ground that, at the time the attachment was put in his hands, there was a chattel mortgage on the property executed by Zent to Bernard Goldman and J. L. B. Alexander, and that these gentlemen served notice on him that, unless himself or Mooney paid the amount claimed due on such mortgage, they would hold him responsible for any damage by reason of the levy of the attachment; that Mooney declined to pay the same, and he thereupon abandoned the levy, and released the property, on the ground stated in the third paragraph of his answer, that the risk was more than could be reasonably expected of the sheriff, the premises considered, by the plaintiff.

The case was tried by Judge Pinney without a jury, who on May 21, 1885, directed judgment for the plaintiff for $240.40, and costs of suit. His findings of facts, so far as pertinent to this case, are as follows: ''On January 5, 1885, the plaintiff herein commenced an action in justice's court of Phœnix precinct, Maricopa county, Arizona, against one William Zent, to recover of and from said Zent the sum of $215 upon account. Summons and writ of attachment duly issued in such action, and were placed in

hands of the defendant herein for service, who then was and is now the sheriff of Maricopa county, in this territory. Such summons was regularly served upon the said Zent, and the defendant herein duly levied such writ of attachment on January 5, 1885, by taking into his possession certain horses and buggies then in the possession of the said Zent, and employed and used by him in the livery-stable business in Phœnix, Arizona, and that such property was of the value of $3,000.   (2) Upon such levy, Alexander & Goldman made demand on defendant that he pay, or cause to be paid, to them the amount due upon a certain chattel mortgage embracing the property seized, executed by said Zent to said Alexander & Goldman, or that the defendant would be held responsible for damages.   The plaintiff, upon notice from the defendant, refused payment, and required defendant to retain the property, and, being required, without any jury being called to try such claim of Alexander & Goldman, to indemnify defendant against the amount on such chattel mortgage, (about $1,500,) refused, and therefore defendant released the property.   (3) On January 13, 1885, plaintiff recovered judgment in said action in said justice's court against the said Zent for $215, and the further sum of $18.95 costs.   Execution, being issued thereon, was returned by defendant not satisfied; and said Zent possessed no property other than the property so released from attachment out of which said judgment could be made, and said judgment remained unsatisfied.''   The judge also finds the mortgage was due in November, 1884, but that Zent continued to keep possession of the property, and to use and control it as formerly, and as if no mortgage was upon it; and also from the facts proven, there was no obligation on the part of the plaintiff to pay said mortgage, or comply with the demands of the defendant.

Was the judgment of the court below warranted by the evidence?   This is the only question before us raised by any assignment of error.

It is not necessary to look beyond the statutes of this territory in deciding this case.   The statutes in relation to personal mortgages in certain cases provide that ''a right of redemption shall remain in the mortgagor until the same

shall have been foreclosed by due process of law, or by agreement between the parties to the mortgage, which agreement shall be entered in the record of the mortgage." Comp. Laws, *c.* 82 § 4, p. 615. And, again: "All property mortgaged in pursuance of the provisions of this act may be attached at the suit of the creditors of the mortgagor. If such property be attached, then such creditor shall pay or tender to the mortgagee the actual amount due him on such mortgage, before the officer making such attachment shall be entitled to the actual possession of such property. When property thus situated and thus redeemed shall have been sold by the officers by virtue of due legal proceedings, out of the proceeds of the sale he shall *first* pay the creditor the amount advanced by him to pay the mortgage, with legal interest thereon; *second,* pay all legal fees and costs appertaining to the judgment, execution, and sale; *third,* pay the judgment creditor the amount of the judgment, and any remaining surplus pay to the judgment debtor. If the creditor of the mortgagor prefers, he may cause to be attached the right of redemption of the mortgagor, and cause the same to be sold subject to the rights of the mortgagee. Such attachment shall be made by leaving a copy of the writ of attachment, with notice of the attachment, with the mortgagee. When the sale of such equity is made on an execution obtained by such attaching creditor, the sum realized shall be applied to the payment of costs, fees, discharge of the execution, and any remainder paid to the judgment debtor." Comp. Laws, *c.* 82, sec. (3648,) sec. 5, p. 615.

It is clear from these citations that in a case like the present where there has been no foreclosure of the mortgage, the creditor has the option of proceeding in either one of the two ways indicated, viz., by seizing the entire property covered by the mortgage, paying or tendering the amount due thereon; or by simply levying on the right or equity of redemption, subject to the rights of the holder of the mortgage security. This option is for the benefit of the creditor, and to be exercised by him in such manner as he may think best in furtherance of his interests. At one time he may prefer one course, at another time the other; but the officer should not be permitted to compel

him to take one particular course to the exclusion of the other, and so destroy the option the statute allows him.

Such was the result of the action of the sheriff in this case, and it cannot be sustained. This officer, in effect, said to the plaintiff: "You must pay Goldman & Alexander what they claim upon their mortgage, or I will release the property from levy, return your attachment, and proceed no further under it;" and, on the refusal of the plaintiff to pay, such was his action. Now, the plaintiff was under no obligation to pay the mortgage. He could do so if he saw fit, but there was no obligation resting upon him to do so. He could proceed for the right of redemption, which the evidence in this case shows was ample from which to secure payment of his claim. The conduct and communication of the plaintiff and his attorneys was a sufficient notification to the sheriff to levy upon and sell the right of redemption. We do not think any such notification was necessary. It was the sheriff's duty, aside from any special instructions, to make effective the writ placed in his hands, and which he undertook to execute. He found certain property in the possession of the debtor, worth $3,000, upon which was a mortgage for $1,500; then followed the notification to the plaintiff to the effect stated; and at last we have a complete abandonment of the plaintiff's process, by reason of which he lost his debt, and we find that the sheriff, according to his own statement, proceeded to levy upon the property by virtue of another writ of attachment, at the suit of some other creditor. Under the circumstances, it is idle to say the sheriff did his duty, and he must make good the debt that through his misconduct was lost to the plaintiff. We do not think there was any intentional neglect of duty on the part of the sheriff, but he seems to have relied too much on the advice of Goldman & Alexander, or paid too much attention to their threats. The judgment is warranted by the undisputed testimony in the case, and is affirmed.

These are some of the findings in which we think the court erred; for instance, the findings that the chattel mortgage is void. There is no testimony whatever in the case upon which to base such a finding. Neither is it necessary

to consider what our decision might be in this case had the property been in the possession of the mortgagees at the time the writ of attachment issued, and they were disputing the right of the sheriff to levy at all, instead of simply demanding the payment of the mortgage. These are questions of no little difficulty, but not necessary to be decided in this cause, and we withhold a decision thereon until the questions are before us. We may add, however, that these difficulties do not spring from the nature of the instrument at all, for a chattel mortgage in this territory is a security merely, and until foreclosure, or some act tantamount thereto, the title to the property mortgaged remains in the mortgagor; but such difficulties arise when a rightful possession of a mortgagee, under a valid mortgage, is interfered with. It may be that the statutes of the territory are broad enough to meet such cases; but, the decisions of the questions not being necessary in disposing of this case, we do not pass upon them.

The judgment is affirmed.

Barnes and Porter, JJ., concur.